*signature: Bruce T Beesley*

Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
June 20, 2018

**ANDERSEN LAW FIRM, LTD.**
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
101 Convention Center Drive
Suite 600
Las Vegas, Nevada 89109
Email: randersen@andersenlawlv.com
Phone: 702-522-1992
Fax:    702-825-2824

*Attorneys for First 100, LLC and
1st One Hundred Holdings, LLC*

MJ-18-28-BLG-TJC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

RAYMOND NGAN

Debtor.

Case No.: 17-14166-BTB
Chapter 7

**ORDER OF CONTEMPT, FOR ARREST, AND GRANTING RELATED RELIEF**

Hearing Date: May 25, 2018
Hearing Time: 10:00 a.m.

The Court, having entered an Order: (I) Setting Continued Rule 2004 Examination of Raymond Ngan; (II) Requiring Raymond Ngan to Answer Questions Under Oath; and (III) Setting Hearing for Raymond Ngan to Appear and Show Cause Why He Should Not Be Held in Contempt of Court ("Order to Show Cause"), ECF No. 261, to provide bankruptcy debtor Raymond Ngan ("Ngan") an opportunity to appear and show cause why he should not be held in contempt of court; having conducted a hearing on the Order to Show Cause ("Show Cause Hearing") on May 25, 2018, at 10:00 a.m., with Ryan A.

Andersen, Esq. of Andersen Law Firm, Ltd. appearing on behalf of First 100, LLC and 1st One Hundred Holdings, LLC ("Creditors"); having conducted a subsequent hearing on the Show Cause Order on June 20, 2018, at 2:00 p.m., with Ryan A. Andersen of Andersen Law Firm, Ltd. appearing on behalf of Creditors; and having stated its findings of facts and conclusions of law on the record at the conclusion of such hearing, pursuant to Fed. R. Bankr. P. 7052, made applicable hereto by Fed. R. Bank. P. 9014, such findings of facts and conclusions of law incorporated herein by this reference, except to the extent such findings of fact and conclusions of law may be modified hereby;

**NOW THEREFORE**, the Court **FINDS AND DETERMINES** as follows:[1]

1. Ngan filed the above-captioned chapter 7 bankruptcy case ("Case") on July 31, 2017 ("Petition Date").

2. Creditors filed a proof of claim in the Case, asserting they are owed $2,255,760,268.38 ("Claim") as of the Petition Date, such Claim attributable to a judgment against Ngan entered by the Eighth Judicial District Court for Clark County, Nevada.

3. The Court entered an order ("Rule 2004 Order") on September 11, 2017, authorizing Creditors to conduct an examination of Ngan ("Rule 2004 Exam") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. ECF No. 21.

4. Creditors conducted the Rule 2004 Exam on October 13, 2017.

5. During the Rule 2004 Exam, Ngan refused to answer numerous questions regarding his former employers, partners, or investors, citing a confidentiality agreement that prohibited him from doing so. *See* Transcript of Rule 2004 Exam, attached as Exhibit 1 to ECF No. 306. Creditors continued the Rule 2004 Exam at the end of the day on October 13, 2017, as provided for in the Rule 2004 Order.

6. Ngan failed to appear at a continued Rule 2004 Exam scheduled to take place on March 28, 2018.

---

[1] To the extent any finding of fact constitutes a conclusion of law, it is adopted as such. To the extent any conclusion of law constitutes a finding of fact, it is adopted as such.

7. Ngan agreed to the March 28, 2018 date for the continued Rule 2004 Exam, and he only provided notice of his decision not to appear on the evening of March 27, 2018.

8. In response to Ngan's failure to appear at the continued Rule 2004 Exam, the Court conducted a telephonic discovery dispute hearing on April 10, 2018.

9. Ngan was provided notice of this hearing via email, but he failed to appear and participate in this hearing.

10. Following this hearing, the Court entered the Order to Show Cause, which required Ngan to appear at a continued Rule 2004 Exam.

11. The Order to Show Cause further required Ngan to provide complete and substantive answers to questions for which he had previously claimed he was unable to answer due to various confidentiality agreements.

12. The Order to Show Cause scheduled a hearing on contempt for May 25, 2018, at 10:00 a.m., making it clear that if Ngan did not comply he would be subject to civil sanctions, up to and including the issuance of a civil bench warrant.

13. Creditors appropriately served the Order to Show Cause on Ngan, both via mail and via service at his residence. ECF Nos. 304, 305.

14. Ngan failed to appear for a continued Rule 2004 Exam and did not contact Creditors to attempt to reschedule his Rule 2004 Exam.

15. Ngan failed to file any written response to the Order to Show Cause and failed to appear at the Show Cause Hearing.

16. As a result, Ngan failed to show cause why he should not be held in contempt of court.

17. Further, the arguments of counsel for the Creditors and a review of the docket of the Case, which the Court takes judicial notice of pursuant to Rule 201 of the Federal Rules of Evidence, supports a finding of contempt.

18. This Court has "the power to impose civil contempt." *In re Smith*, 462 B.R. 783, 791-92 (Bankr. D. Nev. 2011) (citing *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*,

1  77 F.3d 278, 284-85 (9th Cir. 1996); *Stasz v. Gonzalez (In re Stasz)*, 387 B.R. 271, 276 (B.A.P. 9th Cir. 2008); 11 U.S.C. § 105(a)).

19. Ngan is in contempt of court for violating the Rule 2004 Order and the Order to Show Cause.

20. Because Ngan is in contempt of court, the Court may enter a sanction "intended to coerce the contemnor to comply" with the Court's orders, so long as "the sanction is conditioned upon continued noncompliance." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481 (9th Cir. 1992). Indeed, a "civil contemnor 'carries the keys of his prison in his own pocket' because civil contempt is 'intended to be remedial by coercing the defendant to do what he had refused to do.'" *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (quoting *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 442, (1911)).

21. Here, Ngan was placed on notice by the Order to Show Cause that continued disregard of this Court's orders would result in the imposition of serious civil sanctions, up to and including the issuance of a warrant for his arrest.

22. The Court specifically finds that Ngan's contempt is serious and continuing, and, as a result, the civil sanctions entered must be equally serious in order to effectively coerce his compliance.

23. Furthermore, the Court finds that based on the pleadings on file herein, and based on Ngan's willful failure to obey subpoenas, the Rule 2004 Order and the Order to Show Cause, the Court may properly "issue to the marshal, or some other officer authorized by law, an order directing the officer to bring the debtor before the court without unnecessary delay." Fed. Rule Bankr. P. 2005(a). Upon the debtor being brought before the Court, the Court may properly "fix conditions for further examination and for the debtor's obedience to all orders" issued by this Court. *Id.*

**ACCORDINGLY**, the Court **ORDERS** as follows:

1. Bankruptcy debtor Raymond Ngan shall immediately be taken into custody by the United States Marshals Service or any duly authorized law enforcement agency, pursuant to this Court's inherent authority and pursuant to Fed. Rule Bankr. P. 2005.

2. Upon being brought before this Court, bankruptcy debtor Raymond Ngan shall be examined under oath and shall be subject to further conditions as this Court deems appropriate, pursuant to Fed. Rule Bankr. P. 2005.

3. The Court has and will retain jurisdiction to enforce this Order in accordance with its terms and to adjudicate any and all matters arising from or related to the interpretation or implementation of this Order.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By: /s/ Ryan A. Andersen
    Ryan A. Andersen, Esq.
    Nevada Bar No. 12321
    101 Convention Center Drive
    Suite 600
    Las Vegas, Nevada 89109

*Attorneys for First 100, LLC, and 1st One Hundred Holdings, LLC*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☑ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Counsel appearing:
    Trustee appearing:
    Debtor(s) appearing:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of June, 2018.

          By:   /s/ Ryan A. Andersen
                Ryan A. Andersen, Esq.
                Nevada Bar No. 12321
                **ANDERSEN LAW FIRM, LTD.**
                101 Convention Center Drive
                Suite 600
                Las Vegas, Nevada 89109

                *Attorneys for First 100, LLC, and*
                *1st One Hundred Holdings, LLC*

# # #